## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

THEODORE JUSTICE,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,
et al.,

    Defendants.

Civ. No. MJM-24-1372

## MEMORANDUM

Plaintiff Theodore Justice ("Plaintiff"), *pro se*, brought this action against the Commissioner of Social Security and the Speaker of the House of Representatives ("Defendants"), alleging constitutional and statutory violations related to his Social Security payments. ECF No. 1 ("Compl."). Plaintiff filed his Complaint in this Court on May 9, 2024. *Id.* Currently pending is Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (the "Motion"). ECF No. 8. Defendant has not been served or made an appearance. For the reasons stated below, the Court will deny the Motion and dismiss the Complaint without prejudice.

## BACKGROUND

Plaintiff alleges his Social Security payments were reduced without notice beginning on March 3, 2024. Compl. (ECF No. 1) at 6. Plaintiff contacted the Social Security Administration ("SSA") local and national phone lines. *Id.* The national office advised Plaintiff that the adjustment was the result of a workers compensation payment from 2009. *Id.* Plaintiff objected that he did not receive notice regarding the deduction and should have had an opportunity to contest the same. *Id.* In or around March 2024, Plaintiff filed complaints with Defendants. *Id.* Plaintiff also filed a

request for reconsideration and requested "a notice and calculation statement . . . ." *Id.* Defendants have not responded to the complaints or requests. *Id.*

On May 9, 2024, Plaintiff filed his Complaint with this Court. ECF No. 1. The Complaint seeks declaratory relief and a permanent injunction requiring Defendants to restore Plaintiff's prior Social Security payments. *Id.* at 7. Plaintiff also purports to represent a class of "all people that are similarly situated" and seeks damages that "may be in the millions of dollars." *Id.* at 5. Defendants have not been served.

On May 28, 2024, Plaintiff filed the Motion for a Temporary Restraining Order and/or Preliminary Injunction (the "Motion") challenging "Defendants' actions to seize the Plaintiff's money, which is considered a property interest and is believed to be a violation of the Due Process Clause of the Fourteenth Amendment." ECF No. 8 ¶ 2. In the Motion, Plaintiff argues that "the defendant's actions in initiating overpayment collections without prior notice or opportunity to challenge violated the plaintiff's procedural due process rights under the United States Constitution and the Social Security Act [the 'Act']." *Id.* ¶ 1. Plaintiff argues "[t]here is a substantial likelihood that Plaintiff will establish . . . deprivation of his constitutional right[s] . . . and [the Act] by the defendant's failure to comply." *Id.* ¶ 3. Plaintiff contends a temporary restraining order and/or preliminary injunction is "crucial to prevent irreparable harm to the public caused by sudden repayment collections that would disrupt the plaintiff's ability to maintain their current lifestyle . . . ." *Id.* ¶ 4. Plaintiff further states that, "if the defendant continues with collections," plaintiff will be "unable to meet financial obligations." *Id.*

## LEGAL STANDARD

"A preliminary injunction is an 'extraordinary and drastic remedy.'" *See Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (quoting 11A Wright et al., Federal Practice & Procedure § 2948, at

2

129 (2d ed. 1995)). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) that the injunction is in the public interest. *Winter v. Nat'l. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). To demonstrate a likelihood of irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.*, 952 F.2d 802, 812 (4th Cir. 1991).

A court may only grant a temporary restraining order without notice to the defendant if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Filings by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe *pro se* pleadings liberally in the interest of justice. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## DISCUSSION

Defendants have not been served. Accordingly, this Court must determine whether Plaintiff is entitled to a temporary restraining order without notice.

The Court finds that Plaintiff has failed to demonstrate a likelihood of irreparable harm in the absence of preliminary relief. Preliminarily, Plaintiff did not submit an affidavit or a verified

complaint. *See* Fed. R. Civ. P. 65(b)(1)(A). Even if they were verified, however, Plaintiff's allegations do not show a likelihood of irreparable harm that is "actual and imminent."

Plaintiff argues that "irreparable harm to the public" will result from "sudden repayment collections." ECF No. 8 ¶ 4. Further, he argues continued repayment collection "would disrupt the plaintiff's ability to maintain their current lifestyle . . . ." *Id.* Finally, he argues continued collections will render him "unable to meet financial obligations." *Id.*

As to Plaintiff individually, mere "disruption" of one's lifestyle cannot constitute irreparable harm. Further, Plaintiff fails to allege with any degree of specificity the "financial obligations" that he will be unable to satisfy because of his reduced payments. To establish entitlement to the extraordinary and drastic remedy of a temporary restraining order, Plaintiff must "clearly show" with "specific facts" that irreparable harm will result. *See, e.g.*, *Maxwell v. Hous. Auth.*, No. CV 3:23-6948-CMC-PJG, 2024 WL 1445794, at *4 (D.S.C. Mar. 11, 2024), *report and recommendation adopted*, 2024 WL 1444628 (D.S.C. Apr. 3, 2024). Plaintiff's vague allegations do not constitute specific facts that clearly show actual and imminent harm.

Plaintiff also fails to demonstrate that any members of the public face irreparable harm as a result of his reduced Social Security payments. Indeed, the SSA's policies may affect other members of the public. *See, e.g.*, *Ross v. Colvin*, Civ. No. DKC 14-2967, 2015 WL 4622393, at *4 (D. Md. July 29, 2015), *report and recommendation adopted*, 2015 WL 5091919 (D. Md. Aug. 27, 2015), *aff'd*, 633 F. App'x 188 (4th Cir. 2016)). But the SSA's policies also provide that "the allegedly overpaid individual has the right to request reconsideration of the overpayment decision." *Id.* Thus, Plaintiff fails to demonstrate that the change in his payments, which can be appealed, will affect any members of the public, let alone irreparably harm them.

Further, Plaintiff has not established that he is likely to succeed on the merits. Plaintiff appears to recognize "[t]he SSA's authority to collect overpayment debts[,] [which] is found in 42 U.S.C. § 404(a)(1) . . . ." *Grice v. Colvin*, 97 F. Supp. 3d 684, 689 (D. Md. 2015). Plaintiff alleges, however, that SSA failed to provide him with written notice regarding the alleged overpayment and subsequent adjustment. Compl. at 6; *see* 20 C.F.R. § 416.558. But Plaintiff is unlikely to succeed on this claim because, absent a waiver of sovereign immunity, Defendants are immune from suit. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.")

As Judge Hazel of this Court explained:

> The United States and its agencies, including the SSA, have immunity from suit absent waiver. . . . The Act waives the SSA's sovereign immunity in limited circumstances. As to claims arising under Title II of the Act, federal courts may review "final decisions" of the SSA. *See* 42 U.S.C. §§ 405(g) & (h). Specifically[,] 42 U.S.C. § 405(g) of the Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action. . . ." 42 U.S.C. § 405(g). 42 U.S.C. § 405(h) limits judicial review to the review permitted under § 405(g). It mandates that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."

*Grice*, 97 F. Supp. 3d at 697. Here, Plaintiff concedes that SSA has not issued a final decision. Compl. at 6. Thus, his claim is not ripe for review under the SSA's limited waiver of immunity. This Court therefore lacks subject-matter jurisdiction and Plaintiff cannot succeed on the merits.

Finally, the Court considers whether Plaintiff demonstrates that the balance of equities tips in his favor and whether an injunction is in the public interest. Granting the preliminary injunction

would temporarily enjoin Defendants from collecting repayments from Plaintiff. "Given the administrative challenges and confusion" for Defendants—who administer Social Security benefits for millions of qualified citizens—"and that [Plaintiff has] not demonstrated a likelihood of success on the merits or irreparable harm," the balance of equities and the public interest do not support preliminary injunctive relief. *Di Biase v. SPX Corp.*, 872 F.3d 224, 236 (4th Cir. 2017).

Accordingly, because Plaintiff has failed to establish the elements required to warrant the drastic remedy of preliminary injunctive relief, the Motion will be denied. Further, because the Court lacks subject-matter jurisdiction, the Complaint will be dismissed. *See Miller v. Brown*, 462 F.3d 312, 316 (4th Cir.2006) ("It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . .") (citations omitted).

## CONCLUSION

For the reasons stated herein, Plaintiff Theodore Justice's Motion for a Temporary Restraining Order and/or Preliminary Injunction (ECF No. 8) will be DENIED and the Complaint will be DISMISSED without prejudice.

A separate Order will issue.

June 6, 2024
Date

                                              Matthew J. Maddox
                                              United States District Judge